HORACE A. BURBEE, BY HIS NEXT FRIEND, *v.* TOWN OF WINHALL.

### *Soldier's Bounty. Contract. Construction.*

The plaintiff enlisted for three years for $530 bounty, with the agreement that if the town should afterward pay a larger amount as a bounty to any three years man, the same amount should be paid to him, the recruiting agent of the town saying at the time of making the contract that he designed filling the quota of the town with *three* years men, and should not enlist *one* year men, but this formed no part of the contract. The town did not obtain any more *three* years men, but filled its quota with one year men, to one of whom it paid $625. *Held* that the plaintiff was entitled to recover the largest sum that the town paid as a bounty to any one who enlisted to fill the *same quota.*

ASSUMPSIT, to recover town bounty, referred to a referee, who reported as follows:

" On the 5th of July, 1864, the town of Winhall, at a meeting called for that purpose, as set forth in a copy of the record of the proceedings thereof, hereunto annexed, authorized Richard Bond to enlist soldiers under the then recent call of the government, to fill the quota of Winhall, whenever the selectmen of that town, or a majority of them, should become satisfied that men sufficient to fill the quota could not be obtained under the bounties then offered by the town. A majority of said selectmen becoming so satisfied, directed Bond to proceed to fill the quota.

" On the 2d day of August following, Bond, in behalf of the town, made a contract with said H. A. Burbee, who was a minor, with the consent of his father (David K. Burbee,) to enlist into the United States service for the term of three years, for the bounty of five hundred dollars and a heifer valued at thirty dollars; and it was also agreed between the parties that if Bond ' shall afterwards pay a larger amount as a bounty to any other three years man, the same amount shall be paid to said H. A. Burbee.' Burbee, with the assent of the father, in pursuance of that contract, forthwith enlisted for three years, and was mustered into the service, and there continued until the close of the war.

" At the time of making the above contract, Bond told the said H. A. Burbee and his father that he designed and should fill the quota of Winhall with three years men, and should not enlist one year men; but that formed no part of the contract. On the 3d day of August, 1864, the time when the said H. A. Burbee was mustered into the service at Rutland, other towns than Winhall were paying at Rutland for three years men eight and nine hundred dollars, and Bond could then have filled the quota of Winhall by paying the latter amount as a bounty. He did not then fill the quota, and, after the enlistment of Burbee, did not enlist or pay any three years man more than he had agreed to pay Burbee, but subsequently procured one year men to fill the quota, and paid one the bounty of six hundred and twenty-five dollars.

" I find that the sum of five hundred dollars, the cash portion of Burbee's bounty, with the interest thereon since August 2d, 1864, is still due, and which he is entitled to recover, and amounts to the sum of six hundred and fifteen dollars."

The county court, at the June term, 1868, PROUT, J., presiding, rendered judgment for the plaintiff, upon the facts appearing in the report of the referee, for the sum of six hundred and fifteen dollars, and interest from June 2d, 1868, to which the plaintiff excepted.

*H. H. Wheeler*, for the plaintiff.

*Charles N. Davenport*, for the defendants.

The opinion of the court was delivered by

WILSON, J. The plaintiff enlisted into the United States military service, to the credit of the defendant town, for the term of three years, under a contract with defendants that they should pay the plaintiff five hundred and thirty dollars. The contract contained a further stipulation that if the town or agent of the town should afterwards pay a larger amount as a bounty to any other " three years man," the same amount should be paid to the plaintiff. The town could not, or did not, fill the quota with · " three years men ;" they did not enlist any other " three years man" upon that quota ; but, subsequently to the plaintiff's enlistment and muster into the service, the defendants procured " one year men" to fill the quota, and paid one of them six hundred and twenty-five dollars. It is claimed by the defendants that they should be allowed to avoid the conditional stipulation in their con- · tract with the plaintiff on the ground that they did not pay any other " three years man" more than five hundred and thirty dollars. This, we think, the defendants should not be allowed to do. It was with reference to filling the quota upon which the plaintiff was enlisted, mustered and applied, that the stipulation was made to pay him as much as the town should pay any other person for the same term of service. The quota of the town, under the then recent call of the government, could be filled by enlisting and mustering men into the service for three years or for one year. The agent of the town, acting within his discretionary power, and proposing to act for the interests of the defendants with reference to that quota and a future call, gave the plaintiff to understand that he designed to fill and should fill the quota with " three years men," that being the longest term of service for which enlistments were authorized under that call, and should not enlist any one for a shorter term. These declarations, as to the term of service which the defendants would require of all who should enlist to fill that quota, though they formed no part of the contract, were cal-

culated to give, and did give, the plaintiff to understand that he should be paid as much as the town should agree to pay any other person who should be enlisted and mustered on that quota ; and such, we think, was the understanding of both parties in making the contract.    It was in effect an agreement to pay the plaintiff as much as the town should agree to pay any other person who should apply on that quota, whose term of service did not exceed that of the plaintiff.    In view of the subject matter of the contract, the purpose for which it was entered into, and the advantage to be derived from the service stipulated to be performed, it is evident, we think, that the parties used the expression " years" in the sense of " quota," and in that sense the expression *years* was understood by the parties in making the contract.    We think the defendants entered into the contract in good faith, intending to perform it on their part, according to its true spirit and meaning.    This being so, no one can fairly suppose that either party entered into the contract with the understanding that the defendants could evade the conditional stipulation in their contract by paying a larger bounty to a person who enlisted on that quota for a period less than that of the plaintiff's enlistment, or that either party then expected any such construction would be given to the contract.    The plaintiff performed the service, giving to the defendants the benefit thereof, not only on that quota, but also the advantage arising therefrom over a " one year man," in the assignment to the defendants of their quota under the call which was made the latter part of that month.    The contract should be construed with reference to its object, so that effect may be given to the intention of the parties ; and this entitles the plaintiff to recover the largest sum the defendants paid as a bounty to any one who enlisted to fill the same quota.

The judgment of the county court is reversed, and judgment for the plaintiff for the sum of five hundred and ninety-five dollars, and interest from and after the 2d day of August, 1864.